Mr. Braven. Good morning, your honors. May it please the court, my name is Nick Braven. At council table with me is Sean Ellsworth, and we represent ZEN Group and Mr. Otemendi, its owner. This case arises, as you know, from a brazen act of retaliation by an agency official. Yeah, let's cut to the chase and try to get to the nub of this, okay? So the retaliation... So, if you will, a moment. So, I can say for me at least, I think that there is a procedural due process right clearly established to contest a fine or entitlement to the Medicaid payments, okay? What's not clear to me necessarily is whether it's clearly established that a referral for prosecution in retaliation for the exercise of that right is a constitutional right that is clearly established. I understand, your honor, and I appreciate the question. So, there are two basic answers. So, one, the unfounded fraud referral is the penalty, and the question of whether that's sufficient enough is under the whether it would deter a person of ordinary firmness from engaging in the first conduct. But if your question is about whether the law clearly establishes the right in the first place, if you look at the line of cases... Anti-retaliation. I understand that. The retaliation would be a clearly established violation. So, the Supreme Court has said repeatedly and consistently in the clearest, broadest, and unambiguous terms, quote, to punish a person for what the law plainly allows him to do is a due process violation of the most basic sort. So, the problem is for clearly established law, it requires that every reasonable officer understand that that broad principle would prohibit the conduct that's alleged here. That's what's required. That's a pretty fair statement of what is required for applying a broad principle to clearly establish law. Here, what you just read, and I have it here, too, it's from the vindictive prosecution line of cases. Punish is a very, very different thing than retaliate. Punish has a constitutional understanding that it seems to me to be far different from things that are not punishment but could be retaliatory. That seems to be problem number one. Problem number two is what the law plainly allows is so broad that I don't understand how every reasonable officer would understand that that prohibits not only a violation of procedural due process rights but procedural retaliation, which itself has never been recognized, as I know, in any 11th Circuit case or the Supreme Court. So, that's what I'm having trouble with with that broad principle. I think it's interesting because in the cases where a defendant, for instance, is penalized for exercising his right to appeal, there's no question that the later charges were justified. There's no question that the increased penalties were justified under the law. Not a penalty. It's a punishment. That's the distinction. In other words, you have your right to appeal and you're getting punished greater than that. Well, let me read you another quote. For an agent of the state to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional. That's from Gordon Kershaw. Under what? Under the due process clause. No, no, no. It doesn't say that. Again, you have to understand what clearly established requires. It requires, I'm a government agent sitting at my desk in some battle of some horrible building in Tallahassee, and I'm looking at the case that you just said, and I'm looking, what's my right? What must I do? And I read that quote, and it says nothing about the procedural due process clause or violation of due process rights. Fair enough. And, well, first of all, in the Pierce line of cases, they raised a double jeopardy claim. They raised an equal protection claim, and they raised a due process claim and said there were. I have no doubt that the facts of that case would cover that. But what you're asking us to apply is the broad principle standard. So what you have to do, and you've done it, I don't know if it's effective or not, but what you've done it is show me the broad principle and how every reasonable officer reading that broad principle would understand it applies to this factual situation. Yes, and even going to Perry versus Sinderman, which is which is a First Amendment case. We're outside of the punishment context. The court said the government may not deny a benefit there, which they have no due process. Right. You know, property interest in to a person on the basis that infringes his constitutionally protected interests, especially his First Amendment free expression interest. They speak about this in the broadest terms. We know this court in Leslie versus Ingram in 1986, and that isn't cited in the briefs, said an intentional and wrongful retaliation for the assertion of a constitutionally protected right is a substantive civil rights violation. But not the council, not any constitutional. No, you're right. But we know the Fourth Amendment. So this was a case where he insisted on being arrested only by a warrant in his home. And then in certain retaliation, the police impounded his car, which they could do, I suppose. So but they couldn't do it in retaliation. So the Fourth Amendment prohibits it. We know the Fifth Amendment prohibits it because they said that this court has explicitly rejected, as I understand, a Fourth Amendment retaliation claim. And we've explicitly rejected an equal protection retaliation claim. So the equal protection cause the Ratliff versus DeKalb County case and that those cases are obvious. So what happened in those cases, as they said, I exercised a First Amendment right. And then you retaliated against me because I'm a person of color. And the court said you either had a First Amendment retaliation case or you have an equal protection case, but you don't have a an independent equal protection retaliation. Right, because it was the retaliation that they were claiming was protected by the equal protection. You need to have a clear exercise of a right. And as Chief Judge Pryor said here, there's no dispute. We exercised our due process. Right. I agree with him. It's the retaliation part that I'm having. So let me talk to you about the qualified immunity standard, if that's where you're because I appreciate that the court's going to recognize this now. Well, I don't know that we are. We don't have to. We can. In other words, we're allowed to decide what appears. I would I would I would hope that you would so that this sort of stuff doesn't happen because it seems like one of the most basic fundamental principles. I imagine a machine and the agency comes after you for money, including two hundred and seventy six thousand dollars by fine. And they say, pay us the money or you can go through a machine. We'll call it the due process machine. We want the money. So pay us if you choose to go through that. We're going to wait till you're finished. And at the end, we're going to put you out of business if you win or we'll put you out of business for just availing yourself of the right. It is the most basic fundamental right. And the reason that these cases don't come up is because it's so rare that the party actually has a protected liberty or property interest in the initial instance and that they have a set of procedures. But when they do, and that's clear, it falls directly under this line of cases and to allow an agent. Essentially, we know by the law, they the agency is required before they take this property through this. If they are, they have to give you a notice of your administrative rights and they set out these rights to a hearing and impartial administrative budget. If you're correct, they could just put at the end of that long two page list of rights, a sentence as you can exercise these rights. But if you do, we will put you out of business. That can't be what the due process clause means. You cannot put it on a constitutional condition, but that's not what happened here. Well, Your Honor, I appreciate you saying that, too, because in O'Hare Truck Service Incorporated, relying on Elrod and Branty, the line of political patronage cases, the Supreme Court said in the absolute clearest terms. And I'm going to quote it because it's so directly on point. Let me be clear. As a matter of law, you're right that there exists an unconstitutional conditions. No, but what they said is that. Where's the allegation, counsel? Where's the allegation in your complaint that the exercise of one right was conditioned on what happened afterwards? Show me the allegation. The exercise of our due process right is what caused the plaintiff to. Counsel, you gave an example where the exercise of your right was conditioned on something else. No, but I want to read this because it's not what it says is a condition. I'm asking about your complaint. Show me in your complaint where it is alleged that the exercise of your due process right was conditioned on an unconstitutional condition, either condition precedent or condition subsequent. Well, the penalty itself implicates the unconstitutional conditions cases, and that's the quote I was going to read. So that's so that's the penalty goes to what happened first and you had your due process rights. Where were the exercise of those due process rights conditioned on what happened later or what or was you were told at the time what happened later? No. So what happened? You're correct. We exercised the rights and we were penalized afterward. But that in itself, even though it's an after the fact penalty, not a prior condition, the Supreme Court has said has to be treated exactly the same way. Counsel, what they've said is condition subsequent to condition precedents are there, but there still has to be a condition. And what I'm asking is a very simple question. Show me in your complaint where it says it is alleged that one was made a condition of the other. It doesn't. But may I please read it? Because I think it answers the good read anything you want. But I promise you answering my question is going to be more important. I answered your question. It doesn't. We don't allege it was a prior condition. We allege it was a penalty. And what the law says is to fire a public employee as a penalty for refusing a request for political and financial support would impose an unconstitutional condition on government action. What they've said is unconstitutional conditions doctrine applies exactly the same if you penalize someone after the fact, as if you had put the condition precedent. And so under the law, you're correct. We only allege a retaliation, but it is a distinction with the constitutional distinction has been rejected explicitly in Elrod grantee line of cases and in O'Hare. So you should move to the First Amendment. Yes, Your Honor. The First Amendment issue was decided at the initial part of the initial threshold question in the conic and pickering line. So the court below seemed to say that that Zen was speaking, it said, as a medical provider. But it seems like Hussein was speaking not as an employee that that is. And that was relying on an unpublished 2010 case that predated Lane versus Frank. Assume for the moment that I agree that an independent contractor government contractor is the same as a government employee. Assume that I know you dispute that, but assume I believe that. Do if if it is if in this complaint, it is not reasonable to look at it or to have an inference in your favor, since you were the party that that was dismissed here that you were speaking or your client was speaking as the government contractor rather than as a citizen. Would you lose at that first step? Absolutely not. And we don't we don't rely on that. So as a Medicaid provider, the contractual obligations and the ordinary functions, as the court said in Lane, it is this court reiterated in Alves. And you've been on a couple of panels in the last year that's reiterated this. It's about your ordinary functions, not about whether it relates to no, I understand. Again, let's assume that I conclude that you were that you were speaking. I know you disagree with this, but assume it for the moment that you were speaking as a government contractor. And assume also, I believe that the Supreme Court has said that a government contractor is very similar to a government employee under the Pickering framework. Does that mean that you would lose and a dismissal was appropriate? Oh, absolutely not. And I think that this is a this is a just a basic misapplication of clear law. It's not true because clearly are Zen was speaking as a citizen when it was acting. I know, but you're fighting my hypothetical. I'm asking for you to go with me with my. Yes. So the because they spoke on a matter of public concern and because and because their speech is fairly characterized and this court has made a big deal about it being fairly characters. But under any standard, even if you were a government employee or a government contractor speaking on a matter of public concern, wouldn't wouldn't you lose at the first step? Absolutely not. We would win because their speech is core quintessential speech on a matter of public concern, which highlights government malfeasance. It highlights unlawful government conduct. It highlights all of the core paradigmatic issues that the Supreme Court in this court have said repeatedly. This isn't about a personal dispute about my working conditions. That the cases that are on the other side, even sexual harassment, those cases are about my working conditions. Even if it's a bad thing, you did. My boss is unreasonable. My my bus route is. You're already out of time. The chief has allowed me to ask one more question. And I want to ask him a clearly established. Can you point to a clearly established case that does one of two things? One that applies to a government contractor in a petitions clause case. So the both and two that applies to that has a factual situation that's materially similar to this factual situation. No, but the Supreme Court in Hope rejected the overly rigid gloss of the material materially similar. But what's the broad principle? Well, this court actually has said specifically in Peterson that after hope, we have to look in the First Amendment context. If the principle is broad in the broad principle, the general statement is comments on the maladministration of a program policy wide statement. Show me the case that that again, I'm not bureaucrat in Tallahassee. I'm looking at the case. Where would I see that? OK, what I'm doing here is unconstitutional, so I can't do it. Well, the cases that say comments on public policy directed at clearly a public policy are quintessential matters of public concern. There's no question. And in fact, in this case, the agency, the agency officials knew better than anyone. You're not reading from a case. You're just telling me that. I'm not. I'm not just telling you. You're on. I'm happy to read you a quote. I know we do that. Why don't we do that on your rebuttal time? OK, yes, you are. Thank you. OK, you say three minutes for rebuttal, Mr. Graven. Let's hear from Mr. Lonnie. May it please the court. Good morning, Your Honor. Christopher Lonnie for the Rady firm representing the Agency for Health Care Administration. I want to start by saying that with respect to the 14th Amendment, I believe that there is no claim stated here in the complaint. I think we know from Roth that the Constitution itself doesn't create property rights. Here's the issue. They've alleged and I will say briefing both below and here is not a model of clarity, but they've alleged a retaliation claim. And a retaliation claim doesn't depend on whether the underlying right existed. In other words, take unemployment discrimination. You don't have to have been discriminated to bring a retaliation claim if you complained about discrimination. And the same is true here. Whether they had a property interest and had the due process right isn't important to whether the agency believed that they did and retaliated against them because of it. Now, I happen to agree with the chief that the fine gives a property right. But even putting that aside, the retaliation doesn't depend on whether there was an underlying property interest. It seems to me that the district court focused on a completely wrong element in deciding this. Your Honor, I appreciate that. I will tell you that I think that certainly in Title seven cases, if there's a good faith perception that is a protected activity in an adverse action, then you would have a retaliation claim. In this case, I think, though, that the party's relationship was ultimately founded in a contract. And that contract does impute to it the statutes and the rules, including 409913, which allows and requires the agency. I know, but the counsel, there's a notice that goes out that says we're cutting you off. We're fining you. And here's the procedure that you can do to challenge that. You're telling me they don't have a good faith belief that that is part of their procedural due process for vindicating themselves. I'm not saying they don't. OK, so so let's focus on the retaliation part of it, not the property part is really a point. But I have a more fundamental question for you. Let's say that I agree that it is not clearly established, at least in our circuit in the Supreme Court, that there is such thing as a procedural due process retaliation claim. Right. That's my shorthand for it. Right. What do I do about the official capacity claims and specifically the allegations that go to forward looking injunctive relief from not doing what what was alleged to have been done here? Do those fall under ex parte young? And if so, does that mean that we do have to decide the merits issue, at least as to the official capacity claims? Your Honor, I think that the state's 11th Amendment immunity is intact. I don't believe that the prospective injunctive relief claim gets around to ex parte young. I think in this case, and this wasn't decided below, but it seems to me as if that dismissal would be appropriate because there they were sued and their official capacities are also sued in their personal. But if if if part of their requested relief is injunctive in nature. Why wouldn't that fall within ex parte young? Why wouldn't they be entitled, at least at this stage, at a pleading stage to a ruling about whether there's a constitutional violation here? Your Honor, give me one moment to refresh on the one thing to say, you know. There might be immunity for the individual. And I'll add on a question that if that's the case, then doesn't the Pearson sort of discretion in or in favor of us deciding the constitutional violation issue, right? Since we have to decide it anyway. I think that's right. I think that perhaps there would be a claim under ex parte young because it does say the defendant Bennett and office secretary not make referrals without first conducting a preliminary investigation. And so that that that. So there's a request for injunctive relief that falls within ex parte young respect against the defendants in official capacity. And so we really do need to decide then the constitutional claim. Right. I would say so. Your Honor. So then let's get to it. Why is there not such a thing as procedural due process? Again, a procedural due process retaliation. Again, a good faith belief that I had a procedural due process. Right. I exercise that right. And within a day later, my funding was full. Well, for one thing, I don't think the 11th Circuit has ever really recognized it. But regardless, again, we're not dealing with that. We're dealing with the merits here. So, right. I agree. We've never decided before. And I guess I would say, Your Honor, that perhaps I don't know that the retaliation claim that you're importing from Title seven would have a direct application. No. This has nothing to do with Title seven. I understand that. But I'm saying that in the retaliation law that we have, there shouldn't be a right to retaliation based on engaging in this protected act. There isn't the First Amendment context. The ninth and the sixth circuits have held it as best as I can tell from the case law. I've tried to look at every circuit, but at least those two have seemed to suggested that it exists in the due process, the procedural due process context. Why would it not exist here? You have a procedural due process right to challenge a penalty. And you're saying that we shouldn't think, though, that it's a constitutional violation for punishing you for doing so? Well, Your Honor, I guess I viewed that slightly differently. And the way that I viewed it was that whether or not there is a contractual relationship that imports the agency's obligations to fine would matter in the constitutional context, meaning that there wouldn't be necessarily a constitutional right to contest the fine. Let's assume I disagree with you about that. And I think that at least there did exist, even though that's not alleged here because they got their due process rights. But there is a procedural due process right to contest a fine. OK, let's assume that I believe that. Now, if there's clear evidence that the day later as a result, or at least an inference a day later, that money was pulled and the inference is that it was pulled because I exercised those rights. Why does the Constitution not protect the exercise of my valid rights by not being retaliated against?  Because I think that you would basically be constitutionalizing a process that happens on a regular basis. There probably are protections for that, but I don't believe that at least this circuit has never recognized that a right to retaliation would exist and be crafted into 1983 law, which allows certainly much more remedies and opportunities for recovery. So I would tell you that I think that if you look at Ratliff, this court exercised restraint. There's no question there was a 14th Amendment equal protection argument. This court said, well, we've never recognized it. We don't have to. I don't think you have to recognize a retaliation claim as existing within 1983 here today for the first time. If there was a good faith belief that they were pursuing a review of those fines, those fines actually never occurred. You know, there was there was fines were never really levied. So, but there was certainly a threat and certainly request for hearing and a hearing was given. And I think that they admit to their brief that it was adequate process given in the one twenty fifty six nine proceeding. All right. So let's go to the First Amendment claim. So I think we're in the same procedural boat, which is they seek ex parte relief with regard to the First Amendment retaliation claim. There is such a thing as the First Amendment retaliation claim. There's no question about that. So at least that's the official capacity. We seem to have to decide that. Tell me where we are in that. So this was decided on the first element. No one ever got to the balancing. So we're not even really early in this. And what the district court said is essentially this is they didn't speak as a citizen and it's really not a matter of public concern. So that's it. Well, I think, too, though, that the court did talk about agency policy. I mean, there was a sentence in the district court opinion where it looked like, you know, the court didn't expressly go on and on about content, form and context. But the court did make a finding that there was no challenge in general to the agency policy. So let's talk about the public matter of public concern. Even if the court did look at those factors, it seems to me I've read the motion for sanctions. It seems to me that the first 15 pages of it are really a general attack of how the agency has handled this behavioral services problem. And then I agree with you. The last 30 pages are about how the specific folks at issue here had the licenses that were required. But is that not first 15 pages, a general attack on a matter of public concern? In other words, how the agency is handling this important Medicaid service? If it is, it is a very weak attack. It would be similar to conic where, you know, there was one question in the questionnaire. And when it into when it went into a balancing, the court decided that there wasn't a claim. Here's an attack on the way the agency does its business, followed by. And here's a specific example of just how they did it to me. I don't understand why the whole thing's not a matter of public concern. Your Honor, I think we have kind of got to the problem. But for you, counsel is kind of got to the balance. It did. But so that we're not there yet. I mean, we're just at step one. And understood that if in comic, the single question in the questionnaire went to a matter of public concern. This seems to be a lot more than that. It would seem to me. Well, let's let's break this down into two things. Right. We're not talking about the petition, which was three pages long, filed appropriately at Doha. I think that's right. We're talking about a serve but never file motion for sanctions. That was voluminous and questioned the agency's construction of an experience requirement for rehabilitative behavioral therapists. And talked about whether the agency was making an unpromulgated rule. We get on promulgated rule cases in Tallahassee every single day. That doesn't necessarily mean that it rises to a constitutional context where it becomes a matter of public concern, especially when it was never filed. And I think that matters. Right. Form, content, form and context. So we're dealing with a serve but never filed. How is that a public concern when the public is unaware of that? Yeah, but I mean, in the O'Glotham case that that that the opposing counsel cites extensively, that was done internally among just those who were interested in it wasn't done at a public meeting in a public forum. Connick itself was a survey that was given internally to the to the office. I mean, it's it doesn't have to be with someone in a bullhorn in the middle of the public park stating how this is wrong. This was done to the agency that's at issue here in litigation regarding public litigation and said, if you all don't withdraw this thing, we're going to file it. Right. Well, let's talk about a lawful and briefly because you brought it up. And that is, I think, on content, especially there was union organization and often relied on Cook to say that's always been a matter of public concern. So I think it was that mattered. Also, there was an element of corruption and misusing PTO. And it and it happened in the context of a campaign for union leadership. And I think that context matters. So here we have served to the agency, a fifty seven one five motion. And here we have somebody who's campaigning for union organization in the context and raising corruption concerns. I think a lawful measures much higher on a public concern scale than what we have here. So well, well, I ask you about the step one in Pickering. What if we find that that the that Zen was not acting as a citizen, but instead was acting as a government contractor that failed the first step? If we made if we determine that on a de novo review. I think if they were acting as a government contractor, you would still apply a public concern analysis. I think that would be the appropriate way under and I'll murder. That would just go into the borough of Jura and that would just go into the Pickering balance. Well, I don't know that that's necessarily the case. I think that the law is not as clear as I'd like it to be, because I think there is some 11th Circuit authority that says if it's not public concern, you don't proceed with. Once we determine it's a matter of public concern, even if someone's acting as a government employee, that just goes into the Pickering balance, right? Yes. OK, that's what I want. Yeah. You don't stop at always employee speaking as an employee, right? Absolutely not. I think that's from Gar City on down. Yeah. Yeah. So if there's any other question, I'm happy to entertain it. Otherwise, thank you, Your Honor, for your time. OK, Mr. Raven, you've got three minutes. Thank you, Your Honor. I'll start by answering your question, Judge Luck. So in Lane versus Franks, the court said corruption in a public program and misuse of state funds obviously involves a matter of significant public concern in Rankin versus McPherson. The court said statements criticizing public policy and the implementation of it must be similarly protected in Gar City. The court said exposing governmental inefficiency and misconduct is a matter of considerable significance. I think that this court speech here is fairly characterized as criticizing the implementation of this program and especially the credentialing process for these low level behavior analysis services providers, then engaging in a kind of all out effort to call back that money and then doing it by an unlawful. I don't have much doubt about the content part of it, but I will say doing it in the context of a 57-105 motion, which is purposely meant not to be filed. I mean, that's the procedure. Let me finish. The reason it's there is because we want these things to be resolved without going to court. That's the entire purpose. And in the context of a litigation, and I get DOA is public, but there is no more obscure court in the entire state of Florida than DOA. Fair enough. It's so obscure it's in a strip mall. That's how obscure it is. But I will tell you that the exact point that you're making is right. It was sent to the agency heads. This went to general counsel. We know when you challenge a policy as a non-role policy, it gets the attention of every lawyer and all the policymakers and then directed their criticism directly at the people who could stop implementing this policy. And it's just like all of those cases that say that this court has said that you've recognized, do not rob speech on a matter of public concern of their publicness. And in fact, that's why this court said in Alachua and said back in Hillsborough County that, in Mitchell v. Hillsborough County, that content is unquestionably the most important factor. Because these other things about where they were filed or how you said them or your motivation, those are tertiary concerns that come up when you try to say, well, I spoke about sexual harassment in the sheriff's office and that's about public. And they said, well, the content itself isn't. And so we'll look at these other things to see if you get there and you don't. Can I just say a word about context? Because they want to talk about motivation in this third tertiary concern. The context of this case is an opinion written by Judge Hall 10 years ago, which emerged from an injunction action where ACCA wouldn't provide these services to needy, developmentally disabled children. And parents had to sue and there was a four day trial at the courthouse and they were ordered to sue because they didn't want to pay for it. Judge Hall wrote the opinion affirming that order requiring them to pay for it. This issue has been a matter of public concern for some time, and it was covered in the Miami Herald. I've got 10 more articles. And so the criticism that it wasn't, we didn't cite enough articles. We don't need to try our case on a motion to dismiss. There's absolutely no question that if this case proceeds in discovery, it'll show that almost all of this was directed at this matter of public concern. And it was voluminously covered in the press. And I can I ask one comment, please? Thank you, Your Honor. If you believe, and I'm directing this to Judge Lutt because he says make it fast. If you believe that the distinction of whether they put the condition on ahead of time or imposed it after the penalty after the fact is constitutionally significant, I beg you to look at O'Hare truck service before you before you write the opinion, because I think that that is a constitutional error. Okay, thank you very much. Thank you, Mr. Brayden. We are adjourned for the week.